Julio Cesar LOPEZ, Appellant,

v.

The STATE of Texas, State.

No. 2–99–381–CR.

Court of Appeals of Texas,
Fort Worth.

May 17, 2001.

Pete Gilfeather, Attorney at Law, Fort Worth, Attorney for Appellant.

Tim Curry, Crim. District Attorney; Charles Mallin, Chief of Appellate Section; Tanya S. Dohoney, Robert Foran, Ass't District Attorneys, Fort Worth, Attorneys for Appellee.

PANEL B: DAUPHINOT, HOLMAN, and GARDNER, JJ.

## OPINION

DAUPHINOT, Justice.

### INTRODUCTION

Appellant Julio Cesar Lopez appeals from the trial court's judgment revoking his probation. In two points, Appellant complains that the trial court abused its discretion in revoking his probation because such revocation was based on an invalid condition of probation and because there is insufficient evidence that Appellant violated a condition of his probation. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 1998, Appellant was indicted for the offenses of murder and capital murder. Appellant pled not guilty, and was represented at trial by Danny Burns. On September 11, 1998, a jury found Appellant guilty of murder and not guilty of capital murder. The jury assessed Appellant's punishment at ten years' confinement, probated for ten years, and a $10,000 fine. As a condition of his community supervision, the trial court ordered Appellant to "[r]eport to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following this hearing, and no less than monthly thereafter, or as scheduled by the

Court and/or Supervision Officer and obey all rules and regulations of the Department." The document containing the conditions of community supervision was served on Appellant in open court on September 14, 1998. At the bottom of the document is the statement, "This day, a copy of the conditions of Community Supervision was handed to me by the Clerk of this Court." Beneath that statement is the signature of Julio Lopez and the prints of three fingers.

On April 27, 1999, the State filed a petition for revocation of probated sentence. The petition alleged, in pertinent part:

The Defendant ... was instructed to report to the Community Supervision and Corrections Department of Tarrant County, Texas on the first day of his release from Immigration and Naturalization Service. The Defendant violated said condition in that on or about April 17, 1999, the Defendant returned to the United States and failed to report to the Community Supervision and Corrections Department of Tarrant County on or about April 19, 1999 through on or about April 20, 1999. The Defendant further violated this condition by failing to report on any business day thereafter including April 21, 1999, April 22, 1999 or April 23, 1999.

On August 27, 1999, a hearing was held on the State's petition for revocation. At that hearing, Appellant was represented by Pete Gilfeather, who is also Appellant's counsel on appeal. We point out this change in counsel because Appellant contends on appeal that the revocation of his probation was based on an invalid condition of community supervision because the court clerk did not hand a copy of the document containing the condition to Appellant. We therefore impute no knowledge of matters that occurred at trial and

are not contained in the record to counsel at the revocation hearing and on appeal.

At the hearing on the petition to revoke, the State offered into evidence as State's exhibit number one a document dated December 9, 1998, entitled "Probationer Reporting Instructions." That document provides:

YOU ARE BEING RELEASED FROM THE TARRANT COUNTY JAIL ON THE CONDITION THAT YOU REPORT TO THE *TARRANT COUNTY ADULT PROBATION OFFICE* ON THE NEXT WORKING DAY. *"THIS IS NOT A REQUEST; IT IS A CONDITION OF YOUR PROBATION TO REPORT TO YOUR PROBATION OFFICER."*

YOU MUST REPORT TO THE ADULT PROBATION OFFICE AT 200 W BELKNAP ST (TWO BUILDINGS EAST OF THE TARRANT COUNTY JAIL) ON THE *1ST* DAY OF, 19—, AT 8:00 AM SHARP. UPON RELEASE FROM U.S. INS.

Appellant's signature appears on the document underneath the statement, "I HEREBY ACKNOWLEDGE THAT I HAVE RECEIVED A COPY OF THESE REPORTING INSTRUCTIONS AND AGREE TO COMPLY WITH THEM."

Officer Michael Scheets testified that he processed Appellant for release from the jail on December 9, 1998. Scheets stated that he gave Appellant the document entitled "Probationer Reporting Instructions." Appellant signed the document in Scheets's presence. According to Scheets, Appellant was then released to the Immigration and Naturalization Service (INS). Scheets acknowledged that there was no community supervision officer present when the reporting instructions were given to Appellant in the jail.

Ricardo Villarreal testified that on the evening of April 17, 1999, he was working at the Destiny Nightclub in Fort Worth when he saw Appellant coming out of the club. Villarreal recognized Appellant as the man convicted of murdering his daughter, Angie Villarreal. After trying unsuccessfully to apprehend Appellant himself, Villarreal called the Fort Worth police and INS.

Steven Love, a community supervision officer assigned to the 213th District Court, also testified at the hearing. Love identified State's exhibit number one, the "Probationer Reporting Instructions" given to Appellant in jail, as a document kept in the care, custody, and control of the probation department. Love described the document as follows:

This is a document that defendants who are released to other than the probation department are given, that whenever they are released from custody, from whatever other agency that they may be transported to from our jail, that they are to report to Tarrant County Probation immediately upon their release from that custody.

Love confirmed that this document directed Appellant to report to the probation department after his release from INS. According to Love, Appellant did not report to the probation department on April 19, 20, 21, 22, or 23, 1999.

Love also testified that Sally Smith, the senior court officer for the 213th District Court, processed Appellant for probation and signed the conditions of community supervision. Love acknowledged that Smith was not present when Appellant received the reporting instructions in jail. Love stated that his records did not reflect whether Appellant received the reporting instructions from a court clerk or from Judge Gill. Love also agreed that if an individual is deported to Mexico and released there by INS, there is no legal way for that individual to report at 8:00 a.m. the next day.

At the conclusion of the hearing, the trial court stated, "The reporting instructions issued to Mr. Lopez are done so under direction and supervision of this Court and the Community Supervision and Corrections Department of Tarrant County as a condition of his probation, which he subsequently violated." The court, therefore, found the violation alleged in the State's petition to be true, and entered a judgment revoking Appellant's probation and sentencing him to ten years' confinement.

## VALIDITY OF THE CONDITION

In his second point, Appellant argues that the instruction to report upon release from INS was an invalid condition of community supervision because Appellant was given a copy of the reporting instructions by a sheriff's deputy in the Tarrant County jail, rather than by a court clerk, the trial judge, or a community supervision officer. Appellant contends that the failure of one of these three persons to physically hand the document to him constitutes an improper delegation of the trial court's authority to fix the terms and conditions of community supervision, and therefore, renders the reporting condition invalid. We disagree.

█ The State argues that Appellant has waived error, if any, on this point by failing to appeal from the order granting probation. Indeed, in *Speth v. State*, the court of criminal appeals held that a defendant may not challenge conditions of community supervision for the first time on appeal.[1] The court reasoned: "An award

---

1. 6 S.W.3d 530, 534–35 (Tex.Crim.App.1999),     *cert. denied,* 529 U.S. 1088, 120 S.Ct. 1720,

of community supervision is not a right, but a contractual privilege, and conditions thereof are terms of the contract entered into between the trial court and the defendant. Therefore, conditions not objected to are affirmatively accepted as terms of the contract."[2] Under *Speth,* therefore, we are prohibited from hearing on appeal a challenge to the validity of a condition of community supervision unless an objection to that condition was made at the time the condition was imposed, presumably at sentencing, and appeal was taken directly from the court's ruling. Because of the unique facts of the case now before us, however, we find the State's reliance on *Speth* to be misplaced.

The State alleged that Appellant violated the condition of his probation requiring him to report to the Community Supervision and Corrections Department of Tarrant County on the first day of his release from INS. It is undisputed that this condition was imposed on Appellant, not at sentencing in the trial court, but upon his release from the Tarrant County jail into the custody of INS. The State nevertheless contends that Appellant was required to raise a complaint concerning this instruction at some point prior to the revocation proceeding. Under these circumstances, we fail to understand what Appellant could have appealed, given the fact that he had been detained by INS. Accordingly, we decline the State's invitation to hold that Appellant has waived his challenge to the validity of the reporting instruction.

■ Turning now to the merits of Appellant's contention, we agree that, under our law, only the court in which the defendant was tried can fix the terms and conditions of community supervision.[3] Absent enumerated exceptions, this authority may not be delegated to a supervision officer or anyone else.[4] We note, however, that Appellant does not challenge condition "d" of the conditions of community supervision that he received in open court at sentencing. This condition requires him to "[r]eport to the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following this hearing, and no less than monthly thereafter, *or as scheduled by the Court and/or Supervision Officer.*" [Emphasis added.] At the revocation hearing, the trial court stated on the record that the reporting instructions issued to Appellant at the jail "are done so under direction and supervision of this Court and the Community Supervision and Corrections Department of Tarrant County as a condition of his probation." Thus, by way of these reporting instructions, Appellant was effectively "scheduled" by the court and the community supervision department to report upon his release from INS.

■ We hold that the imposition of this condition did not violate the general proposition that the duty and responsibility for determining conditions of community supervision rests upon the trial court and may not be delegated. "A court, by the very nature of its composition, is inherently incapable of directly implementing every detail of specified community supervision conditions."[5] After prescribing, with sufficient clarity, the requisites with which a

---

2. *Id.* at 534.

3. Tex.Code Crim. Proc. Ann. art. 42.12, § 10(a) (Vernon Supp.2001); *McArthur v. State,* 1 S.W.3d 323, 333 (Tex.App.—Fort Worth 1999, no pet.), *cert. denied,* 531 U.S. 873, 121 S.Ct. 176, 148 L.Ed.2d 121 (2000).

4. Tex.Code Crim. Proc. Ann. art. 42.12, § 10(a), (d); *McArthur,* 1 S.W.3d at 333.

5. *McArthur,* 1 S.W.3d at 334.

probationer must comply, a court must necessarily use other entities to carry out the details of those requisites.[6] Here, the fact that the trial court allowed a release officer at the jail to hand to the defendant a copy of the reporting instructions, which implemented a condition set by the court, falls short of delegating to that officer the authority to "determine" or "impose" the conditions of Appellant's probation.

Appellant also cites the court of criminal appeals' decision in *de la Garza v. State* for the proposition that the failure of the court clerk to furnish a copy of the terms and conditions of probation is a possible defense in a revocation proceeding.[7] At the time of that decision, article 42.12 section 6 of the code of criminal procedure provided as follows:

> The court having jurisdiction of the case shall determine the terms and conditions of probation and may, at any time, during the period of probation alter or modify the conditions; provided, however, that the clerk of the court shall furnish a copy of such terms and conditions to the probationer, and shall note the date of delivery of such copy on the docket.[8]

■ The current version of this statute, however, imposes no such requirement on the court clerk.[9] Nevertheless, we recognize that the conditions of probation should be clearly set out by the judge granting community supervision.[10] This requirement is satisfied by "insuring that the probationer has been made aware of and understands the terms and conditions of his probation."[11] Here, Appellant does not claim that he did not receive a copy of the reporting instructions. Nor does Appellant contend that he did not understand that he was supposed to report to the community supervision department upon his release from INS. Indeed, the document was signed by Appellant, acknowledging that he had received a copy of the instructions and agreed to comply with them. Accordingly, we reject Appellant's argument that the failure of the court clerk to hand him a copy of the reporting instructions rendered the condition invalid. We therefore overrule Appellant's second point.

## SUFFICIENCY OF THE EVIDENCE

In his first point, Appellant contends that the trial court abused its discretion in revoking his probation because there was "no violation." We interpret Appellant's argument as a challenge to the legal sufficiency of the evidence to support the trial court's ruling that Appellant violated a condition of his community supervision.

## STANDARD OF REVIEW

■ In order to prevail in a hearing on a petition to revoke community supervision, the State must prove that the defendant violated a condition of community supervision as alleged in the petition.[12] The State's burden of proof in a revocation

6. *Id.*

7. 579 S.W.2d 220, 223 (Tex.Crim.App.1979).

8. Act of May 17, 1977, 65th Leg., R.S., ch. 306, § 2, 1977 Tex. Gen. Laws 821, 821–22 (amended 1979, 1983, 1985, 1987, 1989, 1991, 1993, 1995, 1997, 1999) (current version at TEX.CODE CRIM. PROC. ANN. art. 42.12 § 11(a) (Vernon Supp.2001)).

9. TEX.CODE CRIM. PROC. ANN. art. 42.12 § 11(a).

10. *Cox v. State*, 445 S.W.2d 200, 201 (Tex. Crim.App.1969); *McArthur*, 1 S.W.3d at 333.

11. *Stevenson v. State*, 517 S.W.2d 280, 282 (Tex.Crim.App.1975).

12. *Cobb v. State*, 851 S.W.2d 871, 874 (Tex. Crim.App.1993); *Allbright v. State*, 13 S.W.3d 817, 819 (Tex.App.—Fort Worth 2000, pet. ref'd).

proceeding is by a preponderance of the evidence.[13] Where the legal sufficiency of the trial court's order is challenged, we review the evidence in the light most favorable to the trial court's findings.[14] The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony.[15]

Appellate review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion.[16] Where the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke community supervision.[17]

## DISCUSSION

Appellant points to a portion of the testimony of the supervision officer, Steven Love, wherein he acknowledged that if someone was deported to Mexico and released there by INS, there would be no legal way for that person to report to the probation department at 8:00 a.m. the next morning. Based upon that testimony, Appellant argues, "Since State's Exhibit No. One referred to an impossible event ... we must go back to the original reporting conditions." Appellant insists that, because the conditions of community supervision required Appellant to report monthly, the State was required to prove that he failed to report on *any day* in April 1999. Appellant is incorrect.

Contrary to Appellant's assertion, the State did not seek to revoke his probation for failure to perform a legal impossibility, that is, the failure to report to the Tarrant County community supervision department at 8:00 a.m. the morning following his deportation to Mexico. In its petition to revoke, the State alleged that Appellant failed to report upon his release from INS and return to the United States on or about April 17, 1999. Specifically, the State alleged that Appellant failed to report on or about April 19 through on or about April 20, 1999, or on any business day thereafter, including April 21, April 22, or April 23, 1999. While there is no evidence of the exact date Appellant was released from the custody of INS, he was clearly not in INS custody by at least Saturday, April 17, 1999, when he was observed leaving the Destiny Nightclub in Fort Worth. Conceding him the greatest latitude, therefore, Appellant was required to report on Monday, April 19, 1999. The State proved that Appellant failed to report on Monday, April 19, Tuesday, April 20, Wednesday, April 21, Thursday, April 22, and Friday, April 23. We conclude that the State proved by a preponderance of the evidence that Appellant violated a condition of his community supervision in the manner alleged in the State's petition to revoke. Accordingly, we hold that the trial court did not abuse its discretion in entering a judgment revoking Appellant's probation. We overrule Appellant's first point.

## CONCLUSION

Having overruled all of Appellant's points on appeal, we affirm the judgment of the trial court.

**13.** *Cobb,* 851 S.W.2d at 873.

**14.** *Jackson v. State,* 645 S.W.2d 303, 304 (Tex. Crim.App.1983).

**15.** *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim.App. [Panel Op.] 1981); *Montoya v.* State, 832 S.W.2d 138, 140 (Tex.App.—Fort Worth 1992, no pet.).

**16.** *Jackson,* 645 S.W.2d at 305.

**17.** *Cardona v. State,* 665 S.W.2d 492, 493–94 (Tex.Crim.App.1984).