COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-447-CR
 
  
CALEB 
OUMA ADONGO A/K/A                                               APPELLANT
CALEB 
DUMA ADONGO
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
  
  
------------
 
FROM 
THE 371ST DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
Caleb Ouma Adongo a/k/a Caleb Duma Adongo appeals the revocation of his 
community supervision for failure to report.  In three points, appellant 
contends that the trial court abused its discretion in revoking his community 
supervision because the State failed to present evidence of when he was supposed 
to report, the trial court violated his due process right by allowing the State 
to amend the revocation petition within seven days of the hearing, and trial 
counsel was ineffective.  Because the evidence is sufficient to support at 
least one of the failure to report allegations, appellant failed to preserve any 
error on his second point, and the record does not support an allegation of 
ineffective assistance, we affirm.
        Amendment of Revocation Petition
        In 
his second point, appellant contends the trial court violated his due process 
right by allowing the State to amend the revocation petition within seven days 
of the revocation hearing, which is prohibited by article 42.12, section 21(b) 
of the code of criminal procedure except for good cause.[2] 
 Tex. Code Crim. Proc. Ann. art. 42.12, 
§ 21(b) (Vernon Supp. 2004-05).  But appellant did not object to, or 
otherwise make the trial court aware of, the lateness of the amendment.  
Thus, he has not preserved this point for review.  See Tex. R. App. P. 33.1(a)(1); Burns v. 
State, 835 S.W.2d 733, 735 (Tex. App.—Corpus Christi 1992, pet. ref’d).  
We overrule appellant’s second point.
        Sufficiency of Evidence of Failure to Report
        We 
review an order revoking community supervision under an abuse of discretion 
standard.  Cardona v. State, 665 S.W.2d 492, 493 (Tex. Crim. App. 
1984); Jackson v. State, 645 S.W.2d 303, 305 (Tex. Crim. App. 
1983).  In a revocation proceeding, the State must prove by a preponderance 
of the evidence that the defendant violated the terms and conditions of 
community supervision.  Cobb v. State, 851 S.W.2d 871, 873 (Tex. 
Crim. App. 1993).  The trial court is the sole judge of the credibility of 
the witnesses and the weight to be given their testimony, and we review the 
evidence in the light most favorable to the trial court’s ruling.  Cardona, 
665 S.W.2d at 493; Garrett v. State, 619 S.W.2d 172, 174 (Tex. Crim. App. 
[Panel Op.] 1981); Allbright v. State, 13 S.W.3d 817, 819 (Tex. 
App.—Fort Worth 2000, pet. ref’d).  If the State fails to meet its 
burden of proof, the trial court abuses its discretion in revoking the community 
supervision.  Cardona, 665 S.W.2d at 493-94.  Proof by a 
preponderance of the evidence of any one of the alleged violations of the 
conditions of community supervision is sufficient to support a revocation 
order.  Moore v. State, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel 
Op.] 1980); Sanchez v. State, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel 
Op.] 1980).
        As 
a condition of appellant’s community supervision, he was to report to “the 
Community Supervision and Corrections Department of Tarrant County, Texas, 
immediately following [the hearing at which he was placed on community 
supervision], and no less than monthly thereafter, or as scheduled by the Court 
and/or Supervision Officer.”  The State alleged in its revocation 
petition that appellant failed to report in February and November 2002 and May 
and June 2003.  Appellant admitted at the revocation hearing that he had to 
report to his community supervision officer (CSO) every month.
        Appellant’s 
CSO was not present at the revocation hearing.  Instead, Rodney Thompson, a 
supervisor with the Tarrant County Community Supervision and Corrections 
Department, testified from the Department’s records on appellant.  
Thompson testified that the records are business records kept in the regular 
course of business, made at or near the time of the events depicted in them, and 
made by a person with personal knowledge of the entries.  According to 
Thompson, the Department routinely makes records regarding whether individual 
probationers do or do not report.  Thompson stated that appellant’s 
records indicate that he did not report as required by the conditions of his 
community supervision during February and November 2002 and May and June 
2003.  Thompson confirmed that in April 2003, appellant’s CSO had given 
appellant verbal permission to go to Africa from April 12 through May 12 to 
attend his father’s funeral.  Thompson was the only State’s witness.
        Appellant 
testified on his own behalf.  He stated that his CSO gave him permission to 
leave the country in April but did not specify when he was supposed to be 
back.  According to appellant, his CSO “just told [him] to notify them 
when [he got] back.”  Appellant testified that when he re-entered the 
United States, he did not return to Tarrant County; instead, he went to Florida 
where he was starting school.  Appellant said that he returned to the 
United States by May 6 and started school on May 7.  Although he testified 
that he notified his CSO by email on May 23 that he was back in the country, he 
introduced into evidence a letter dated May 26, 2003.  The letter contained 
the words “CERTIFIED MAIL” and was addressed to Sandra Miller or Harriet 
Fuller at the Community Supervision and Corrections Department and to the trial 
court judge.  The letter states, “This is to inform you that I am 
attending my classes as per my previous request.  I came back from [Africa] 
my dad[‘]s funeral late and was late for the start of classes[.]  I will 
be here for academic years 2003-2003 and 2003-2004 for Aircraft Engineering 
Technology[.]”  Following this statement is what appears to be the text 
of an email message indicating appellant’s account balance at school.
        Appellant 
testified that did not receive any response from his CSO until June 18, when he 
received the following email, which was introduced into evidence as 
Defendant’s Exhibit 2:
  
We received the letter you mailed indicating you are now attending school in 
Florida; however, you were never granted permission to live there in the first 
place.  Your probation is not being transferred.  I am instructing you to return to Texas immediately 
and report in person to me at the downtown probation office. . . .
 
If 
it is inconvenient for you to do so, I suggest you consult an attorney very 
soon. Perhaps they will be able to request a bond amount be set for you when 
your probation violation warrant is issued within the next couple of weeks.
 
Please 
call me . . . if you have any questions.
 
Appellant 
testified that he met this reporting requirement by phone because the next day 
he called his CSO, and she told him to stay in Florida and continue paying fees.
        Appellant’s 
own evidence shows that he was required to report to his CSO in person during 
the month of June 2003; appellant does not dispute that he failed to do 
so.  Although it would have been far more preferable in a case such as this 
to have the testimony of appellant’s CSO in the record to rebut or confirm 
appellant’s explanations as to how he satisfied the reporting requirements, we 
are nevertheless faced with a record showing that appellant’s CSO directed him 
to report to her in person “immediately” in the month of June, that 
appellant understood he was to report monthly, and that appellant did not do 
so.  The trial court was entitled to disbelieve appellant’s explanation 
that his CSO allowed him to satisfy that reporting requirement by phone.  See 
Lopez v. State, 46 S.W.3d 476, 482 (Tex. App.—Fort Worth 2001, pet. 
ref’d); Semier v. State, 674 S.W.2d 911, 912-13 (Tex. App.—Houston 
[1st Dist.] 1984, pet. ref’d).  Thus, because the evidence is sufficient 
to support the State’s allegation that appellant failed to report in June 
2003, the trial court did not abuse its discretion in revoking appellant’s 
community supervision.  See Greer v. State, 999 S.W.2d 484, 488-89 
(Tex. App.—Houston [14th Dist.] 1999, pet. ref’d), cert. denied, 531 
U.S. 877 (2000) (holding evidence of failure to report, provided by testimony of 
community supervision officer other than the appellant’s that was derived from 
the appellant’s community supervision file, sufficient to support revocation); 
see also Jones v. State, 112 S.W.3d 266, 269 (Tex. App.—Corpus Christi 
2003, no pet.) (holding evidence sufficient to support failure to report 
allegation when only evidence was community supervision officer’s testimony 
from a report indicating the appellant did not report for “those months” 
alleged in the revocation petition).  We overrule appellant’s first 
point.
        Ineffective Assistance of Counsel
        Appellant’s 
third point complains that his trial counsel rendered ineffective assistance by 
being inadequately prepared for trial, making no objection and not asking for a 
continuance when the trial court announced it would proceed with trial, not 
objecting to the State’s sole use of business records hearsay to prove 
appellant’s failure to report, not subpoenaing or calling any witnesses other 
than appellant, and failing to offer any mitigating evidence at 
punishment.  Appellant did not bring a motion for new trial alleging 
ineffective assistance; thus, there is no record of a hearing developing these 
issues for review.
        We 
apply a two-pronged test to ineffective assistance of counsel claims.  Strickland 
v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); Thompson 
v. State, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant 
must show that his counsel’s performance was deficient; second, appellant must 
show the deficient performance prejudiced the defense.  Strickland, 
466 U.S. at 687, 104 S. Ct. at 2064.
        In 
evaluating the effectiveness of counsel under the first prong, we look to the 
totality of the representation and the particular circumstances of each 
case.  Thompson, 9 S.W.3d at 813.  The issue is whether 
counsel’s assistance was reasonable under all the circumstances and prevailing 
professional norms at the time of the alleged error.  See Strickland, 
466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed 
to have rendered adequate assistance and made all significant decisions in the 
exercise of reasonable professional judgment.”  Id. at 690, 104 S. 
Ct. at 2066.  An allegation of ineffective assistance must be firmly 
founded in the record, and the record must affirmatively demonstrate the alleged 
ineffectiveness.  Thompson, 9 S.W.3d at 813.  Our scrutiny of 
counsel’s performance must be highly deferential, and every effort must be 
made to eliminate the distorting effects of hindsight.  Strickland, 
466 U.S. at 689, 104 S. Ct. at 2065.
        The 
second prong of Strickland requires a showing that counsel’s errors 
were so serious that they deprived the defendant of a fair trial, i.e., a trial 
with a reliable result.  Id. at 687, 104 S. Ct. at 2064.  In 
other words, appellant must show there is a reasonable probability that, but for 
counsel’s unprofessional errors, the result of the proceeding would have been 
different.  Id. at 694, 104 S. Ct. at 2068.  A reasonable 
probability is a probability sufficient to undermine confidence in the 
outcome.  Id.  The ultimate focus of our inquiry must be on the 
fundamental fairness of the proceeding whose result is being challenged.  Id. 
at 697, 104 S. Ct. at 2070.
        With 
regard to appellant’s contention that his trial counsel should have objected 
to the State’s amendment and asked for a continuance, appellant has not shown 
that his counsel’s performance was deficient.  See id. at 687, 104 
S. Ct. at 2064.  At the beginning of the hearing, appellant’s trial 
counsel told the judge that he was not ready “for the simple reason that . . . 
after consultation with [appellant, he] indicated he would want me to call his 
prior attorneys . . . on the issue of their request for him . . . to leave [the] 
county to . . . do his aeromechanic work from airport to airport, and it’s his 
understanding that Your Honor granted that request.”  The State 
subsequently waived its allegation that appellant left Tarrant County in 
violation of the conditions of his community supervision.  Appellant’s 
counsel did not state that he was unprepared to defend the allegation that 
appellant failed to report during June 2003.  Furthermore, counsel 
introduced into evidence the June 2003 email from appellant’s CSO and elicited 
testimony from appellant explaining his response.  From this record, we 
cannot conclude that counsel was unprepared and that his failure to request a 
continuance constituted deficient performance.  See id. at 688-89, 
104 S. Ct. at 2065; Thompson, 9 S.W.3d at 813.
        As 
to appellant’s trial counsel’s failure to object to the State’s sole use 
of business records hearsay to prove appellant’s failure to report on the 
grounds of inadmissibility and the violation of appellant’s rights under the 
Confrontation Clause, the record is silent as to counsel’s reasons for not 
objecting.  We will not reverse the trial court’s judgment in this 
instance.  See Hines v. State, 144 S.W.3d 90, 99 (Tex. App.—Fort 
Worth 2004, no pet.); see also Thompson, 9 S.W.3d at 814 (stating 
that when the record is silent as to counsel’s reason for failing to object, 
the appellant fails to rebut the presumption that counsel acted 
reasonably).  Moreover, appellant cannot overcome the presumption that 
trial counsel’s failure to object was not the result of legitimate trial 
strategy.  Counsel thoroughly cross-examined Thompson about the records, 
establishing Thompson’s lack of personal knowledge of any special arrangements 
that may have existed between appellant and his CSO regarding appellant’s 
reporting requirements.  Counsel elicited testimony from appellant 
explaining that he had followed his CSO’s instructions for reporting during 
each month the State alleged he failed to report.  Counsel’s performance 
is not rendered ineffective by the trial court’s disbelief of appellant’s 
explanations.
        Appellant 
further claims that his counsel was ineffective because he did not ask for a 
continuance to call appellant’s CSO or former trial attorneys as witnesses, 
nor did he present any mitigating evidence regarding appellant’s school 
attendance on a Pell grant. With respect to the witnesses, there is no record 
showing that the witnesses were available and that their testimony would benefit 
appellant.  See Ex parte White, Nos. 74757, 74758, 2004 WL 2179272, 
at *3 (Tex. Crim. App. Sept. 29, 2004).  And contrary to appellant’s 
assertion, his counsel did introduce evidence showing that appellant was 
attending school and that he was receiving financial aid.  Thus, we cannot 
conclude appellant’s trial counsel was ineffective for failure to call 
witnesses and present mitigating evidence.  We overrule appellant’s third 
point.
        Having 
overruled appellant’s three points, we affirm the trial court’s judgment 
revoking appellant’s community supervision.
  
  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
   
 
PANEL 
B:   LIVINGSTON, DAUPHINOT, and GARDNER, JJ.
  
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
February 24, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.
2.  
Because appellant’s second point is potentially dispositive of the appeal, we 
address it first.