ADONGO V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-447-CR

CALEB OUMA ADONGO A/K/A APPELLANT

CALEB DUMA ADONGO

V.

THE STATE OF TEXAS STATE

------------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Caleb Ouma Adongo a/k/a Caleb Duma Adongo appeals the revocation of his community supervision for failure to report.  In three points, appellant contends that the trial court abused its discretion in revoking his community supervision because the State failed to present evidence of when he was supposed to report, the trial court violated his due process right by allowing the State to amend the revocation petition within seven days of the hearing, and trial counsel was ineffective.  Because the evidence is sufficient to support at least one of the failure to report allegations, appellant failed to preserve any error on his second point, and the record does not support an allegation of ineffective assistance, we affirm.

Amendment of Revocation Petition

In his second point, appellant contends the trial court violated his due process right by allowing the State to amend the revocation petition within seven days of the revocation hearing, which is prohibited by article 42.12, section 21(b) of the code of criminal procedure except for good cause.
(footnote: 2)  
Tex. Code Crim. Proc. Ann.
 art. 42.12, § 21(b) (Vernon Supp. 2004-05).  But appellant did not object to, or otherwise make the trial court aware of, the lateness of the amendment.  Thus, he has not preserved this point for review.  
See
 
Tex. R. App. P.
 33.1(a)(1); 
Burns v. State
, 835 S.W.2d 733, 735 (Tex. App.—Corpus Christi 1992, pet. ref’d).  We overrule appellant’s second point.

Sufficiency of Evidence of Failure to Report

We review an order revoking community supervision under an abuse of discretion standard.  
Cardona v. State
, 665 S.W.2d 492, 493 (Tex. Crim. App. 1984);
 Jackson v. State
, 645 S.W.2d 303, 305 (Tex. Crim. App. 1983).  In a revocation proceeding, the State must prove by a preponderance of the evidence that the defendant violated the terms and conditions of community supervision.  
Cobb v. State
, 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  The trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony, and we review the evidence in the light most favorable to the trial court’s ruling.  
Cardona
, 665 S.W.2d at 493; 
Garrett v. State
, 619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); 
Allbright v. State
, 13 S.W.3d 817, 819 (Tex. App.—Fort Worth 2000, pet. ref’d).  If the State fails to meet its burden of proof, the trial court abuses its discretion in revoking the community supervision. 
 Cardona
, 665 S.W.2d at 493-94.  
Proof by a preponderance of the evidence of any 
one
 of the alleged violations of the conditions of community supervision is sufficient to support a revocation order.  
Moore v. State
, 605 S.W.2d 924, 926 (Tex. Crim. App. [Panel Op.] 1980); 
Sanchez v. State
, 603 S.W.2d 869, 871 (Tex. Crim. App. [Panel Op.] 1980).

As a condition of appellant’s community supervision, he was to report to “the Community Supervision and Corrections Department of Tarrant County, Texas, immediately following [the hearing at which he was placed on community supervision], and no less than monthly thereafter, or as scheduled by the Court and/or Supervision Officer.”  The State alleged in its revocation petition that appellant failed to report in February and November 2002 and May and June 2003.  Appellant admitted at the revocation hearing that he had to report to his community supervision officer (CSO) every month. 

Appellant’s CSO was not present at the revocation hearing.  Instead, Rodney Thompson, a supervisor with the Tarrant County Community Supervision and Corrections Department, testified from the Department’s records on appellant.  Thompson testified that the records are business records kept in the regular course of business, made at or near the time of the events depicted in them, and made by a person with personal knowledge of the entries.  According to Thompson, the Department routinely makes records regarding whether individual probationers do or do not report.  Thompson stated that appellant’s records indicate that he did not report as required by the conditions of his community supervision during February and November 2002 and May and June 2003.  Thompson confirmed that in April 2003, appellant’s CSO had given appellant verbal permission to go to Africa from April 12 through May 12 to attend his father’s funeral.  Thompson was the only State’s witness.

Appellant testified on his own behalf.  He stated that his CSO gave him permission to leave the country in April but did not specify when he was supposed to be back.  According to appellant, his CSO “just told [him] to notify them when [he got] back.”  Appellant testified that when he re-entered the United States, he did not return to Tarrant County; instead, he went to Florida where he was starting school.  Appellant said that he returned to the United States by May 6 and started school on May 7.  Although he testified that he notified his CSO by email on May 23 that he was back in the country, he introduced into evidence a letter dated May 26, 2003.  The letter contained the words “CERTIFIED MAIL” and was addressed to Sandra Miller or Harriet Fuller at the Community Supervision and Corrections Department and to the trial court judge.  The letter states, “This is to inform you that I am attending my classes as per my previous request.  I came back from [Africa] my dad[‘]s funeral late and was late for the start of classes[.] I will be here for academic years 2003-2003 and 2003-2004 for Aircraft Engineering Technology[.]”  Following this statement is what appears to be the text of an email message indicating appellant’s account balance at school.  

Appellant testified that did not receive any response from his CSO until June 18, when he received the following email, which was introduced into evidence as Defendant’s Exhibit 2:

We received the letter you mailed indicating you are now attending school in Florida; however, you were never granted permission to live there in the first place.  Your probation is not being transferred.  
I am instructing you to return to Texas immediately and report in person to me at the downtown probation office
. . . .

If it is inconvenient for you to do so, I suggest you consult an attorney very soon.  Perhaps they will be able to request a bond amount be set for you when your probation violation warrant is issued within the next couple of weeks.  

Please call me . . . if you have any questions. 

Appellant testified that he met this reporting requirement by phone because the next day he called his CSO, and she told him to stay in Florida and continue paying fees. 

Appellant’s own evidence shows that he was required to report to his CSO in person during the month of June 2003; appellant does not dispute that he failed to do so.  Although it would have been far more preferable in a case such as this to have the testimony of appellant’s CSO in the record to rebut or confirm appellant’s explanations as to how he satisfied the reporting requirements, we are nevertheless faced with a record showing that appellant’s CSO directed him to report to her in person “immediately” in the month of June, that appellant understood he was to report monthly, and that appellant did not do so.  The trial court was entitled to disbelieve appellant’s explanation that his CSO allowed him to satisfy that reporting requirement by phone.  
See Lopez v. State
, 46 S.W.3d 476, 482 (Tex. App.—Fort Worth 2001, pet. ref’d); 
Semier v. State
, 674 S.W.2d 911, 912-13 (Tex. App.—Houston [1st Dist.] 1984, pet. ref’d).  Thus, because the evidence is sufficient to support the State’s allegation that appellant failed to report in June 2003, the trial court did not abuse its discretion in revoking appellant’s community supervision.  
See Greer v. State
, 999 S.W.2d 484, 488-89 (Tex. App.—Houston [14th Dist.] 1999, pet. ref’d), 
cert. denied
, 531 U.S. 877 (2000) (holding evidence of failure to report, provided by testimony of community supervision officer other than the appellant’s that was derived from the appellant’s community supervision file, sufficient to support revocation); 
see also Jones v. State
, 112 S.W.3d 266, 269 (Tex. App.—Corpus Christi 2003, no pet.) (holding evidence sufficient to support failure to report allegation when only evidence was community supervision officer’s testimony from a report indicating the appellant did not report for “those months” alleged in the revocation petition).
  We overrule appellant’s first point.

Ineffective Assistance of Counsel

Appellant’s third point complains that his trial counsel rendered ineffective assistance by being inadequately prepared for trial, making no objection and not asking for a continuance when the trial court announced it would proceed with trial, not objecting to the State’s sole use of business records hearsay to prove appellant’s failure to report, not subpoenaing or calling any witnesses other than appellant, and failing to offer any mitigating evidence at punishment.  Appellant did not bring a motion for new trial alleging ineffective assistance; thus, there is no record of a hearing developing these issues for review. 

We apply a two-pronged test to ineffective assistance of counsel claims.  
Strickland v. Washington
, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); 
Thompson v. State
, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).  First, appellant must show that 
his
 counsel’s performance was deficient; second, appellant must show the deficient performance prejudiced the defense.  
Strickland
, 466 U.S. at 687, 104 S. Ct. at 2064. 

In evaluating the effectiveness of counsel under the first prong, we look to the totality of the representation and the particular circumstances of each case.  
Thompson
, 9 S.W.3d at 813.  The issue is whether counsel’s assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error.  
See Strickland
, 466 U.S. at 688-89, 104 S. Ct. at 2065.  “[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.”  
Id.
 at 690, 104 S. Ct. at 2066.  An allegation of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness.  
Thompson
, 9 S.W.3d at 813.  Our scrutiny of counsel’s performance must be highly deferential, and every effort must be made to eliminate the distorting effects of hindsight.  
Strickland
, 466 U.S. at 689, 104 S. Ct. at 2065.

The second prong of 
Strickland
 requires a showing that counsel’s errors were so serious that they deprived the defendant of a fair trial, i.e., a trial with a reliable result.  
Id.
 at 687, 104 S. Ct. at 2064.  In other words, appellant must show there is a reasonable probability that, but for counsel’s unprofessional errors, the result of the proceeding would have been different.  
Id.
 at 694, 104 S. Ct. at 2068.  A reasonable probability is a probability sufficient to undermine confidence in the outcome.  
Id.
  The ultimate focus of our inquiry must be on the fundamental fairness of the proceeding whose result is being challenged.  
Id.
 at 697, 104 S. Ct. at 2070.

With regard to appellant’s contention that his trial counsel should have objected to the State’s amendment and asked for a continuance, appellant has not shown that his counsel’s performance was deficient.  
See id.
 at 687, 104 S. Ct. at 2064.  At the beginning of the hearing, appellant’s trial counsel told the judge that he was not ready “for the simple reason that . . . after consultation with [appellant, he] indicated he would want me to call his prior attorneys . . . on the issue of their request for him . . . to leave [the] county to . . . do his aeromechanic work from airport to airport, and it’s his understanding that Your Honor granted that request.”  The State subsequently waived its allegation that appellant left Tarrant County in violation of the conditions of his community supervision.  Appellant’s counsel did not state that he was unprepared to defend the allegation that appellant failed to report during June 2003.  Furthermore, counsel introduced into evidence the June 2003 email from appellant’s CSO and elicited testimony from appellant explaining his response.  From this record, we cannot conclude that counsel was unprepared and that his failure to request a continuance constituted deficient performance.  
See id
. at 688-89, 104 S. Ct. at 2065; 
Thompson
, 9 S.W.3d at 813. 

As to appellant’s trial counsel’s failure to object to the State’s sole use of business records hearsay to prove appellant’s failure to report on the grounds of inadmissibility and the violation of appellant’s rights under the Confrontation Clause, the record is silent as to counsel’s reasons for not objecting.  We will not reverse the trial court’s judgment in this instance.  
See Hines v. State
, 144 S.W.3d 90, 99 (Tex. App.—Fort Worth 2004, no pet.); 
see also
 
Thompson
, 9 S.W.3d at 814 (stating that when the record is silent as to counsel’s reason for failing to object, the appellant fails to rebut the presumption that counsel acted reasonably)
.  Moreover, appellant cannot overcome the presumption that trial counsel’s failure to object was not the result of legitimate trial strategy.  Counsel thoroughly cross-examined Thompson about the records, establishing Thompson’s lack of personal knowledge of any special arrangements that may have existed between appellant and his CSO regarding appellant’s reporting requirements.  Counsel elicited testimony from appellant explaining that he had followed his CSO’s instructions for reporting during each month the State alleged he failed to report.  Counsel’s performance is not rendered ineffective by the trial court’s disbelief of appellant’s explanations.

Appellant further claims that his counsel was ineffective because he did not ask for a continuance to call appellant’s CSO or former trial attorneys as witnesses, nor did he present any mitigating evidence regarding appellant’s school attendance on a Pell grant.  With respect to the witnesses, there is no record showing that the witnesses were available and that their testimony would benefit appellant.  
See Ex parte White
, Nos. 74757, 74758, 2004 WL 2179272, at *3 (Tex. Crim. App. Sept. 29, 2004).  And contrary to appellant’s assertion, his counsel did introduce evidence showing that appellant was attending school and that he was receiving financial aid.  Thus, we cannot conclude appellant’s trial counsel was ineffective for failure to call witnesses and present mitigating evidence.  We overrule appellant’s third point.

Having overruled appellant’s three points, we affirm the trial court’s judgment revoking appellant’s community supervision.

TERRIE LIVINGSTON

JUSTICE

PANEL B: LIVINGSTON, DAUPHINOT, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 24, 2005

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
Because appellant’s second point is potentially dispositive of the appeal, we address it first.