HOOK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-04-314-CR

JONATHAN DAVID HOOK APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant pleaded nolo contendere on July 18, 2002 to DWI and was placed on eighteen months’ community supervision.  On April 7, 2003, the State filed a motion to revoke Appellant’s community supervision.  Appellant pleaded not true to the allegation in the State’s motion, and after a hearing on July 7, 2004, the trial court found the allegation true and sentenced Appellant to ninety days’ confinement in county jail.  In one point, Appellant argues that the trial court abused its discretion in revoking his community supervision because the State failed to prove that he violated a term of his community supervision.  The State concedes that it failed to prove that Appellant committed the offense alleged in the motion to revoke.  We will reverse and remand.

On April 7, 2003, the State filed a motion to revoke Appellant’s community supervision, alleging that he violated the term that specified that he “[c]ommit no offense against the laws of this State, of any other State, or the United States and avoid the illegal use or possession of controlled substances and marijuana.”  The State alleged that on March 24, 2003, Appellant violated this condition by committing the offense of reckless driving. 

At the hearing on the motion to revoke, the State fingerprinted Appellant.  Through its fingerprint expert, the State tied these fingerprints to the fingerprints of Appellant on the judgment imposing community supervision for the DWI offense.  The State then introduced State’s Exhibit 6, a Prisoner Control Record, which included Appellant’s picture, information that he had been booked on March 24, 2003, in Grapevine, Texas for reckless driving, and his fingerprints.  The State then tied the fingerprints from State’s Exhibit 6 to the fingerprints taken from Appellant at the hearing through its expert.  Defense counsel’s objection as to relevance was overruled.  

The State then proceeded to introduce State’s Exhibit 2, a docket sheet and judgment showing a conviction of “Jonathan David Hook” for reckless driving committed on March 24, 2003.  The State attempted to connect State’s Exhibit 2 to State’s Exhibit 6 through its fingerprint expert.  However, the only information purporting to connect the conviction to Appellant  was his name and the name and date of the offense.  Upon voir dire by defense counsel, the State’s witness testified that other than these identifiers, he had no knowledge that in fact the person shown arrested in State’s Exhibit 6 was the same person shown to be convicted in State’s Exhibit 2.  State’s Exhibit 2 was admitted into evidence over defense counsel’s objection.  

Appellate review of an order revoking community supervision is limited to a determination of whether the trial court abused its discretion.  
Lopez v. State
, 46 S.W.3d 476, 482 (Tex. App.—Fort Worth 2001, pet. ref’d).  When the State has failed to meet its burden of proof, the trial court abuses its discretion in issuing an order to revoke community supervision.  
Id
.  In order to prevail in a hearing on a petition to revoke community supervision, the State must prove that the defendant violated a condition of community supervision as alleged in the petition.  
Cobb v. State
, 851 S.W.2d 871, 874 (Tex. Crim. App. 1993); 
Lopez
, 46 S.W.3d at 481.  The State's burden of proof in a revocation proceeding is by a preponderance of the evidence.  
Cobb
, 851 S.W.2d at 874; 
Lopez
, 46 S.W.3d at 481-82.  On appeal, the State concedes that it failed to meet its burden of proof at the revocation hearing.

The State first correctly concedes that the fact of an arrest, standing alone, or the mere fact that a formal complaint has been filed is not sufficient to show that a penal offense has been committed.  
See
 
Vance v. State
, 485 S.W.2d 580, 581 (Tex. Crim. App. 1972).  Therefore, State’s Exhibit 6, which shows that Appellant was arrested for reckless driving, is insufficient on its own to show that Appellant committed an offense.  The State further concedes that there are insufficient identifying factors to link Appellant to State’s Exhibit 2, the docket sheet and judgment for the reckless driving offense.  State’s Exhibit 2 shows only that someone with the same name as Appellant was convicted of reckless driving on March 24, 2003.  Use of such a record has previously been held insufficient to prove that a person on community supervision had committed an offense.  
See Long v. State
, 590 S.W.2d 138, 140-41 (Tex. Crim. App. 1979) (holding that judgment of prior conviction at revocation hearing, which merely established that someone with the same name as the appellant had been convicted of an offense, was insufficient to prove that the appellant was the person who committed the offense); 
Sebren v. State
, 633 S.W.2d 328, 329 (Tex. App.—Houston [14th Dist.] 1982, no pet.) (holding that arrest record, which contained same name, offense, and offense date as person convicted, was insufficient to show that person arrested was the person convicted).

Accordingly, we agree with the parties that the evidence was insufficient to prove that Appellant violated his community supervision.  Therefore, the trial court abused its discretion in revoking Appellant’s community supervision.  We reverse the trial court’s order and remand the cause for further proceedings consistent with this opinion.

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; GARDNER and WALKER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 30, 2005

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.