COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-04-314-CR
 
  
JONATHAN 
DAVID HOOK                                                      APPELLANT
  
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
COUNTY CRIMINAL COURT NO. 2 OF DENTON COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Appellant 
pleaded nolo contendere on July 18, 2002 to DWI and was placed on eighteen 
months’ community supervision.  On April 7, 2003, the State filed a 
motion to revoke Appellant’s community supervision.  Appellant pleaded 
not true to the allegation in the State’s motion, and after a hearing on July 
7, 2004, the trial court found the allegation true and sentenced Appellant to 
ninety days’ confinement in county jail.  In one point, Appellant argues 
that the trial court abused its discretion in revoking his community supervision 
because the State failed to prove that he violated a term of his community 
supervision.  The State concedes that it failed to prove that Appellant 
committed the offense alleged in the motion to revoke.  We will reverse and 
remand.
        On 
April 7, 2003, the State filed a motion to revoke Appellant’s community 
supervision, alleging that he violated the term that specified that he 
“[c]ommit no offense against the laws of this State, of any other State, or 
the United States and avoid the illegal use or possession of controlled 
substances and marijuana.”  The State alleged that on March 24, 2003, 
Appellant violated this condition by committing the offense of reckless driving.
        At 
the hearing on the motion to revoke, the State fingerprinted Appellant.  
Through its fingerprint expert, the State tied these fingerprints to the 
fingerprints of Appellant on the judgment imposing community supervision for the 
DWI offense.  The State then introduced State’s Exhibit 6, a Prisoner 
Control Record, which included Appellant’s picture, information that he had 
been booked on March 24, 2003, in Grapevine, Texas for reckless driving, and his 
fingerprints.  The State then tied the fingerprints from State’s Exhibit 
6 to the fingerprints taken from Appellant at the hearing through its 
expert.  Defense counsel’s objection as to relevance was overruled.
        The 
State then proceeded to introduce State’s Exhibit 2, a docket sheet and 
judgment showing a conviction of “Jonathan David Hook” for reckless driving 
committed on March 24, 2003.  The State attempted to connect State’s 
Exhibit 2 to State’s Exhibit 6 through its fingerprint expert.  However, 
the only information purporting to connect the conviction to Appellant was his 
name and the name and date of the offense.  Upon voir dire by defense 
counsel, the State’s witness testified that other than these identifiers, he 
had no knowledge that in fact the person shown arrested in State’s Exhibit 6 
was the same person shown to be convicted in State’s Exhibit 2.  
State’s Exhibit 2 was admitted into evidence over defense counsel’s 
objection.
        Appellate 
review of an order revoking community supervision is limited to a determination 
of whether the trial court abused its discretion.  Lopez v. State, 
46 S.W.3d 476, 482 (Tex. App.—Fort Worth 2001, pet. ref’d).  When the 
State has failed to meet its burden of proof, the trial court abuses its 
discretion in issuing an order to revoke community supervision.  Id.  
In order to prevail in a hearing on a petition to revoke community supervision, 
the State must prove that the defendant violated a condition of community 
supervision as alleged in the petition.  Cobb v. State, 851 S.W.2d 
871, 874 (Tex. Crim. App. 1993); Lopez, 46 S.W.3d at 481.  The 
State's burden of proof in a revocation proceeding is by a preponderance of the 
evidence.  Cobb, 851 S.W.2d at 874; Lopez, 46 S.W.3d at 
481-82.  On appeal, the State concedes that it failed to meet its burden of 
proof at the revocation hearing.
        The 
State first correctly concedes that the fact of an arrest, standing alone, or 
the mere fact that a formal complaint has been filed is not sufficient to show 
that a penal offense has been committed.  See Vance v. State, 
485 S.W.2d 580, 581 (Tex. Crim. App. 1972).  Therefore, State’s Exhibit 
6, which shows that Appellant was arrested for reckless driving, is insufficient 
on its own to show that Appellant committed an offense.  The State further 
concedes that there are insufficient identifying factors to link Appellant to 
State’s Exhibit 2, the docket sheet and judgment for the reckless driving 
offense.  State’s Exhibit 2 shows only that someone with the same name as 
Appellant was convicted of reckless driving on March 24, 2003.  Use of such 
a record has previously been held insufficient to prove that a person on 
community supervision had committed an offense.  See Long v. State, 
590 S.W.2d 138, 140-41 (Tex. Crim. App. 1979) (holding that judgment of prior 
conviction at revocation hearing, which merely established that someone with the 
same name as the appellant had been convicted of an offense, was insufficient to 
prove that the appellant was the person who committed the offense); Sebren v. 
State, 633 S.W.2d 328, 329 (Tex. App.—Houston [14th Dist.] 1982, no pet.) 
(holding that arrest record, which contained same name, offense, and offense 
date as person convicted, was insufficient to show that person arrested was the 
person convicted).
        Accordingly, 
we agree with the parties that the evidence was insufficient to prove that 
Appellant violated his community supervision.  Therefore, the trial court 
abused its discretion in revoking Appellant’s community supervision.  We 
reverse the trial court’s order and remand the cause for further proceedings 
consistent with this opinion.
 
 
                                                          ANNE 
GARDNER
                                                          JUSTICE
  
 
PANEL 
A:   CAYCE, C.J.; GARDNER and WALKER, JJ.
 
DO 
NOT PUBLISH
Tex. R. App. P. 47.2(b)
 
DELIVERED: 
June 30, 2005

 
NOTES
1.  
See Tex. R. App. P. 47.4.