NO. 07-05-0035-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



SEPTEMBER 13, 2005


______________________________



RANDY MCKENZIE, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;



NO. 3986; HON. STEVEN R. EMMERT, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

 Appellant, Randy McKenzie, appeals from an order revoking his probation. He had
previously been convicted of theft and placed on community supervision. Thereafter, the
State moved to revoke it due to his ingestion of narcotics, namely cocaine. The trial court,
after hearing, granted the motion and sentenced appellant to prison. In three issues,
appellant argues that 1) the trial court erred in admitting a drug lab report in violation of the
Confrontation Clause of the United States Constitution, 2) the trial court erred in admitting
a drug lab report in violation of the hearsay rule, and 3) the evidence is insufficient to
support the revocation. We affirm the judgment of the trial court. 

Issues 1 and 2 - Admission of the Lab Report 


 Appellant claims that the trial court denied him his right to confront his accusers
when it admitted a laboratory report from the Redwood Toxicology Laboratory of Santa
Rosa, California. The report illustrated that he tested positive for cocaine. So too does
appellant argue that the report was hearsay and inadmissible on that ground as well. We
overrule each issue. 

 Regarding the confrontation argument, authority holds that one does not have such
a right in a revocation hearing. Smart v. State, 153 S.W.3d 118, 120-21 (Tex.
App.-Beaumont 2004, pet. ref'd). Since the evidence in question was offered during such
a hearing, we find appellant's contention meritless.

 As for the hearsay objection, appellant's probation officer twice made reference
(during the hearing) to appellant having tested positive for drugs without objection. This
information obviously was based upon the report at issue. Having failed to continually
object to the use of the information in the report or secure a running objection founded
upon hearsay, appellant waived his claim. Moreover, the complaints he did utter when the
report was admitted into evidence dealt with whether the State had satisfied the
prerequisites to admitting expert testimony and whether it established the requisite chain
of custody. They did not deal with hearsay. (1) Because the objection urged below differs
from that made before us, the latter was not preserved for review. See Guevara v. State,
97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that the issue is waived when the
grounds for objection asserted on appeal do not comport with those raised at trial).

Issue 3 - Sufficiency of the Evidence


 In his third issue, appellant claims the evidence is insufficient to support the
revocation of his community supervision. We overrule the issue.

 As previously mentioned, the State moved to revoke appellant's probation because
he violated the third condition of same. The latter required that he avoid possessing or
consuming narcotics. Thus, the State was obligated to prove this allegation by a
preponderance of the evidence. Cobb v. State, 851 S.W.2d 871, 873 (Tex. Crim. App.
1993). In determining if it did, we review the evidence in the light most favorable to the trial
court's finding. Lopez v. State, 46 S.W.3d 476, 481-82 (Tex. App.-Fort Worth 2001, pet.
ref'd). So too must we conclude the standard was satisfied when the greater weight of the
credible evidence creates a reasonable belief that the defendant violated a condition of his
community supervision. Armstrong v. State, 82 S.W.3d 444, 448 (Tex. App.-Austin 2002,
pet. ref'd); Allbright v. State, 13 S.W.3d 817, 819 (Tex. App.-Fort Worth 2000, pet. ref'd). 

 The evidence of record illustrates that appellant had a positive drug test. So too
does it show that his probation officer had to test him twice because he had diluted the first
test with water, in apparent attempt to disguise the presence of the drug. This is more than
ample evidence for one to reasonably conclude that he impermissibly consumed a
narcotic. See Stevens v. State, 900 S.W.2d 348, 352 (Tex. App.-Texarkana 1995, pet.
ref'd) (finding like evidence sufficient to support revocation). 

 Having overruled each issue, we affirm the judgment of the trial court.


 Brian Quinn

 Chief Justice 

Do not publish. 

1. The revocation hearing was originally convened on December 3rd. The trial court, however,
continued it until December 21st to afford appellant opportunity to review the report. This was so because, at
the December 3rd proceeding, appellant contended the report was inadmissible hearsay due to the failure of
the State to provide him an advance copy. So, the trial court assured that appellant had a copy of the
document and continued the hearing until December 21st to afford him time to review it. 


serif"> Given this
predicament, the court informed them that the jury would be instructed to return a verdict
of guilty. Neither party objected to the procedure or the charge, and the court so instructed
the jury. The trial court then admonished appellant as to his rights, and appellant entered
a guilty plea and judicially confessed to the allegations in the indictment in open court. As
expected, the jury found him guilty. 
          Appellant now questions the procedure utilized by the trial court. It purportedly
denied him due process because the jury was denied the opportunity to independently
determine his guilt. Aside from the fact that appellant invited that about which he
complains and then withheld objection, we note that once an appellant pleads guilty, the
proceeding becomes unitary in nature. Carroll v. State, 975 S.W.2d 630, 631-32 (Tex.
Crim. App. 1998). And, since “there remains no issue of guilt to be determined, it is proper
for the trial judge in his charge to instruct the jury to return a verdict of guilty” and then
charge only on punishment. Holland v. State, 761 S.W.2d 307, 313 (Tex. Crim. App.
1988). Under the scenario before us, there was no need to charge on punishment
because appellant opted to have the trial court decide that issue. So, in effect, the trial
court did that which has been recognized as correct, i.e. instruct the jury to return a guilty
verdict. 
          As for the argument that the evidence did not support the conviction, appellant
judicially confessed (in open court) to the allegations contained in the indictment. This
confession expressly encompassed not only the crime of aggravated assault but also the
fact that he used a deadly weapon during the ordeal. Thus, the verdict finds more than
ample evidentiary support. 
          Appellant’s issues are overruled, and the judgment is affirmed. 
 
                                                                           Brian Quinn 
                                                                          Chief Justice
 
Publish.