NO. 07-05-0035-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 13, 2005

_____

RANDY MCKENZIE,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 31ST DISTRICT COURT OF WHEELER COUNTY;

NO. 3986; HON. STEVEN R. EMMERT, PRESIDING

_____

*Memorandum Opinion*

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Appellant, Randy McKenzie, appeals from an order revoking his probation. He had previously been convicted of theft and placed on community supervision. Thereafter, the State moved to revoke it due to his ingestion of narcotics, namely cocaine. The trial court, after hearing, granted the motion and sentenced appellant to prison. In three issues, appellant argues that 1) the trial court erred in admitting a drug lab report in violation of the Confrontation Clause of the United States Constitution, 2) the trial court erred in admitting

a drug lab report in violation of the hearsay rule, and 3) the evidence is insufficient to support the revocation. We affirm the judgment of the trial court.

### Issues 1 and 2 - Admission of the Lab Report

Appellant claims that the trial court denied him his right to confront his accusers when it admitted a laboratory report from the Redwood Toxicology Laboratory of Santa Rosa, California. The report illustrated that he tested positive for cocaine. So too does appellant argue that the report was hearsay and inadmissible on that ground as well. We overrule each issue.

Regarding the confrontation argument, authority holds that one does not have such a right in a revocation hearing. *Smart v. State,* 153 S.W.3d 118, 120-21 (Tex. App.–Beaumont 2004, pet. ref'd). Since the evidence in question was offered during such a hearing, we find appellant's contention meritless.

As for the hearsay objection, appellant's probation officer twice made reference (during the hearing) to appellant having tested positive for drugs without objection. This information obviously was based upon the report at issue. Having failed to continually object to the use of the information in the report or secure a running objection founded upon hearsay, appellant waived his claim. Moreover, the complaints he did utter when the report was admitted into evidence dealt with whether the State had satisfied the prerequisites to admitting expert testimony and whether it established the requisite chain of custody. They did not deal with hearsay.[1] Because the objection urged below differs

---

[1]The revocation hearing was originally convened on December 3rd. The trial court, however, continued it until December 21st to afford appellant opportunity to review the report. This was so because, at the December 3rd proceeding, appellant contended the report was inadmissible hearsay due to the failure of the State to provide him an advance copy. So, the trial court assured that appellant had a copy of the document and continued the hearing until December 21st to afford him time to review it.

from that made before us, the latter was not preserved for review.  *See Guevara v. State,* 97 S.W.3d 579, 583 (Tex. Crim. App. 2003) (holding that the issue is waived when the grounds for objection asserted on appeal do not comport with those raised at trial).

### Issue 3 - Sufficiency of the Evidence

In his third issue, appellant claims the evidence is insufficient to support the revocation of his community supervision.  We overrule the issue.

As previously mentioned, the State moved to revoke appellant's probation because he violated the third condition of same.  The latter required that he avoid possessing or consuming narcotics.  Thus, the State was obligated to prove this allegation by a preponderance of the evidence.  *Cobb v. State,* 851 S.W.2d 871, 873 (Tex. Crim. App. 1993).  In determining if it did, we review the evidence in the light most favorable to the trial court's finding.  *Lopez v. State,* 46 S.W.3d 476, 481-82 (Tex. App.–Fort Worth 2001, pet. ref'd).  So too must we conclude the standard was satisfied when the greater weight of the credible evidence creates a reasonable belief that the defendant violated a condition of his community supervision. *Armstrong v. State,* 82 S.W.3d 444, 448 (Tex. App.–Austin 2002, pet. ref'd); *Allbright v. State,* 13 S.W.3d 817, 819 (Tex. App.–Fort Worth 2000, pet. ref'd).

The evidence of record illustrates that appellant had a positive drug test.  So too does it show that his probation officer had to test him twice because he had diluted the first test with water, in apparent attempt to disguise the presence of the drug.  This is more than ample evidence for one to reasonably conclude that he impermissibly consumed a narcotic.  *See Stevens v. State,* 900 S.W.2d 348, 352 (Tex. App.–Texarkana 1995, pet. ref'd) (finding like evidence sufficient to support revocation).

3

Having overruled each issue, we affirm the judgment of the trial court.


                                               Brian Quinn
                                               Chief Justice

Do not publish.