Mary Ferguson SEBREN, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–81–418–CR.

Court of Appeals of Texas, Houston (14th Dist.).

March 18, 1982.

---

Jimmy Phillips, Jr., Angleton, for appellant.

John B. Holmes, Jr., Dist. Atty., Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

J. CURTISS BROWN, Chief Justice.

This is an appeal from a conviction for prostitution.

On June 20, 1980, John Stamper, a detective with the Harris County Sheriff's De-

partment, Vice Division, went to the Aloha Modeling Studio to determine whether there was prostitution activity. As a result of his "session" with Mary Ferguson Sebren (Sebren or appellant), she was charged by information with knowingly offering and agreeing to engage in sexual conduct, namely sexual intercourse, with John Stamper for a fee. The information also alleged that on November 29, 1976, Sebren was convicted in Cause No. 468,206 in County Criminal Court at Law No. 7 of Harris County, Texas, of the misdemeanor offense of carrying a weapon. A jury trial was conducted beginning on September 25, 1980, which resulted in a conviction of Sebren for prostitution under Tex.Penal Code Ann. § 43.02 (Vernon Supp. 1980–1981). Appeal was perfected to this Court.

Appellant's primary contention is that the evidence was insufficient to establish her identity as the person who was convicted of the offense used for enhancement purposes. At the trial the State introduced certified copies of the judgment and sentence from cause No. 468,206 in County Criminal Court at Law No. 7 of Harris County, Texas. Next, the State properly introduced a Personal History and Arrest Record from the City of Houston which showed that a Mary Beth Ferguson was arrested on September 28, 1976 and charged with carrying a weapon. This document contained fingerprints, and the State offered expert testimony to show that the fingerprints on the arrest record matched those of appellant. We have carefully reviewed the record and have found no other evidence or testimony which would establish appellant's identity as the person *convicted* in Cause No. 468,206.

The State contends they have established a sufficient case of identity under the rule stated in *Cain v. State*, 468 S.W.2d 856 (Tex.Cr.App.1971). There, the Court of Criminal Appeals stated one method to prove that an accused is the same person convicted in a prior cause as follows:

Introduction of the certified copies of the judgment and sentence and records of the Texas Department of Corrections or a

County Jail including fingerprints of the defendant, supported by the expert testimony identifying them as identical with known prints of defendant. *Vessels v. State*, 432 S.W.2d 108 [ (Tex.Cr.App. 1968) ].

With no evidence other than the documents and related testimony in the record, it is beyond question that this is the only method through which the identity issue on the prior conviction could be proved by the record before us.

It is our opinion that the State has failed to establish identity because the arrest record does not contain sufficient information to link it with the judgment as is the case with the records normally provided by the Texas Department of Corrections or a county jail. The certified copies of the judgment and sentence prove that a person by the name of Mary Beth Ferguson was convicted for unlawfully, intentionally and knowingly carrying on her person a handgun. These documents further show the offense to have been committed on September 28, 1976. The Personal History and Arrest Record, while showing that a Mary Beth Ferguson was arrested on September 28, 1976 and charged with carrying a weapon, contains no subsequent history, disposition, or any information other than the date of the offense and the name of the defendant which would tend to show a relationship between the arrest and the conviction. The testimony of the fingerprint expert introduced by the State proved that appellant was the person arrested as indicated in the arrest report. But this still does not link the arrest with the conviction.

The fact that a person of the same name as indicated on a final judgment was arrested for a similar offense on the same date as the judgment indicates the offense was committed does not show of itself beyond a reasonable doubt that the person arrested was the person convicted. We, therefore, hold the State has failed to show the arrest record was a part of the record of the prior conviction under Tex.Code Crim.Pro.Ann. art. 37.07 § 3(a) (Vernon 1981). *Rose v. State*, 507 S.W.2d 547 (Tex.Cr.App.1974).

Therefore, the decision of the trial court must be reversed and the cause remanded for a new trial. It is not necessary for us to address appellant's other grounds of error.

Reversed and remanded.