**AFFIRM; and Opinion Filed August 1, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

---

### No. 05-11-01700-CR

---

### RICARDO CUELLAR, Appellant
### V.
### THE STATE OF TEXAS, Appellee

---

**On Appeal from the Criminal District Court No. 2**
**Dallas County, Texas**
**Trial Court Cause No. F11-31118-I**

---

## OPINION

Before Justices Lang-Miers and Fillmore[1]
Opinion by Justice Fillmore

Appellant Ricardo Cuellar was convicted of assault, and the jury assessed punishment at sixteen years' confinement. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(2)(A) (West 2011). In twenty-four issues, Cuellar complains the trial court abused its discretion by refusing to strike a number of prospective jurors and by refusing to provide Cuellar additional time to question prospective jurors, the evidence was insufficient to establish Cuellar committed a prior offense, and the trial court commented in the jury charge that Cuellar was convicted of a prior offense. We affirm.

---

[1] Justice Mary Murphy was on the panel and participated at the submission of this case, but due to her retirement from this Court, she did not participate in the issuance of this Opinion. *See* TEX. R. APP. P. 41.1(a), (b).

# BACKGROUND

The complainant, Paulette Andrade, was Cuellar's former girlfriend and the mother of his child. Andrade and Cuellar first met when they lived in the same apartment complex and began dating after knowing each other for two or three months. After dating for a short period, Andrade became pregnant with Cuellar's child, and after she gave birth, they briefly lived together. At some point, Cuellar and Andrade's relationship began to deteriorate. Andrade testified that, during their relationship, Cuellar was "really aggressive" at all times, and he would often slap and push her.

On April 18, 2011, Cuellar and Andrade decided to go to a park with two of their friends. While there, Andrade received a phone call from her mother. Cuellar asked to see Andrade's phone, but she would not give it to him. They began arguing about the cell phone. Cuellar managed to take Andrade's cell phone from her and determined she had erased text messages. When he saw "that nothing was there," Cuellar accused Andrade of erasing everything on her phone and cheating on him. Andrade started walking away from Cuellar, but he punched her. Andrade yelled at him to stop, but he continued "beating [her] up." Andrade fell to the ground, and "[t]hat's when [Cuellar] started punching [her] on [her] back, on [her] head, everywhere." At some point during the assault, Andrade passed out. Cuellar ran when someone said the police had been called. The police arrived, and Andrade was taken to the emergency room by ambulance. An x-ray examination of Andrade revealed, among other injuries, a left nasal bone fracture.

Cuellar was arrested and convicted of assaulting Andrade. His conviction was enhanced to a felony assault due to a prior conviction for family violence assault. *See* TEX. PENAL CODE ANN. § 22.01(b)(2)(A). This appeal followed.

## DISCUSSION

*Issues One Through Six and Thirteen Through Seventeen: Striking Specific Prospective Jurors for Cause*

In issues one through six and thirteen through seventeen, Cuellar argues the trial court abused its discretion by not striking a number of prospective jurors for cause. Specifically, he complains in issues one through six the trial court erred by refusing to strike prospective jurors who stated they would consider Cuellar's indictment as some evidence of his guilt. He complains in issues thirteen through seventeen the trial court erred by refusing to strike specific prospective jurors who indicated they would place a burden of proof on him.

Issues one through six stem from Cuellar's questioning of prospective jurors during voir dire regarding whether they believed he was a "little bit guilty" because he had been indicted. During the bench conference to determine which prospective jurors would be struck for cause, Cuellar claimed there were numerous jurors who said they would consider him "a little bit guilty" going into the trial and without hearing any evidence based on the fact he had been indicted. The State argued Cuellar's questions to the prospective jurors on this topic "did not go far enough as to unequivocally commit [the prospective jurors] to the fact that they could not follow the law that an indictment is no evidence of guilt." The trial court agreed with the State's argument and overruled Cuellar's request to strike the jurors for cause. Cuellar then requested the trial court's approval to bring specific prospective jurors back to ask further questions. The trial court overruled his request.

Issues thirteen through seventeen stem from Cuellar's questioning of prospective jurors during voir dire regarding whether "[Cuellar] needs to do a little something to prove that – to prove his innocence, you know, that he can't just sit back on his thumbs?" At the bench conference to determine which prospective jurors would be struck for cause, Cuellar asked the trial court whether it was striking the prospective jurors who stated in some form that he had to

–3–

do something to prove his innocence. After the trial court listed the jurors struck for cause, Cuellar requested approval to bring back two jurors who had "both raised their hands and said he can't sit back and do nothing" but were not struck by the trial court. The trial court overruled his request.

A defendant may properly challenge any prospective juror who "has a bias or prejudice against any of the law applicable to the case upon which the defense is entitled to rely." TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2) (West 2006); *see also Sells v. State*, 121 S.W.3d 748, 758–59 (Tex. Crim. App. 2003). The test is whether the bias or prejudice would substantially impair the prospective juror's ability to carry out his oath and instructions in accordance with the law. *Sells*, 121 S.W.3d at 759. The proponent of a challenge for cause has the burden of establishing his challenge is proper. *Feldman v. State*, 71 S.W.3d 738, 747 (Tex. Crim. App. 2002).

To preserve error on a trial court's denial of a challenge for cause, an appellant must demonstrate on the record that: 1) he asserted a clear and specific challenge for cause; 2) he used a peremptory challenge on the complained-of venireperson; 3) all his peremptory challenges were exhausted; 4) his request for additional strikes was denied; and 5) an objectionable juror sat on the jury. *Sells*, 121 S.W.3d at 758.

The record in this case shows that, although Cuellar exhausted his peremptory challenges, he did not request additional strikes. Cuellar argues it was clearly apparent he sought additional strikes based on his complaint that he would have to use peremptory challenges to exclude the prospective jurors who should have been excluded for cause. He specifically cites to the portion of the record containing the following dialogue to argue he requested additional strikes:

[THE COURT]: Does the State have any objection?

MS. HAWKINS: No objection from the State, Your Honor.

THE COURT: Defense?

MR. KAYE: For appellate record, the only objection we would have --

THE COURT: The prior one?

MR. KAYE: The prior one that we stated that we weren't able to properly voir dire them and we were, therefore, forced to use strikes on persons that we listed that should have been struck for cause.

\* \* \*

MR. KAYE: And you overruled that objection?

THE COURT: Right. Right.

The prior objection referred to by Cuellar was an objection to the trial court's refusal to allow for additional time to voir dire the prospective jurors; it was not a request for additional strikes. We have reviewed the record and found nothing to support Cuellar's claim he requested additional strikes. He has thus failed to preserve error on this issue. *See Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996) (error not preserved where defendant failed to request additional strikes or complain about any objectionable jurors seated on case). We resolve Cuellar's issues one through six and thirteen through seventeen against him.

*Issues Seven Through Twelve and Eighteen Through Twenty-Two: Additional Time for Voir Dire*

In issues seven through twelve and eighteen through twenty-two, Cuellar complains the trial court violated his right to counsel under the Texas Constitution by denying him additional time during voir dire to demonstrate that a number of potential jurors should have been struck for cause. In issues seven through twelve, he argues the trial court erred by not allowing additional time to probe whether six prospective jurors were unable to apply the presumption of innocence; in issues eighteen through twenty-two, he argues the trial court erred by not allowing additional time to probe whether five prospective jurors would place a burden of proof on him.

The conduct of voir dire rests largely within the sound discretion of the trial court. *Splawn v. State*, 949 S.W.2d 867, 871 (Tex. App.—Dallas 1997, no pet.). Ordinarily, the trial

court should give a defendant great latitude in questioning the jury panel during voir dire. *Guerra v. State*, 771 S.W.2d 453, 467 (Tex. Crim. App. 1988). However, the trial court does have the authority to impose reasonable restrictions on the exercise of voir dire examination for various reasons, among them to curb the prolixity of what can become the lengthiest part of a criminal proceeding. *Guerra*, 771 S.W.2d at 467; *Splawn*, 949 S.W.2d at 871.

In reviewing a contention the trial court abused its discretion in the time limitation imposed, three factors are relevant: 1) whether the defendant's voir dire examination reveals an attempt to prolong the voir dire; for example, whether the questions were irrelevant, immaterial, or unnecessarily repetitious; 2) whether the questions that the defendant was not permitted to ask members of the venire were proper voir dire questions; and 3) whether a defendant was precluded from examining jurors who served on the jury. *Ratliff v. State*, 690 S.W.2d 597, 600 (Tex. Crim. App. 1985); *Splawn*, 949 S.W.2d at 871. To preserve error, the record must reflect a specific question which the trial court has not allowed to be answered. *Caldwell v. State*, 818 S.W.2d 790, 794 (Tex. Crim. App. 1991), *overruled on other grounds by Castillo v. State*, 913 S.W.2d 529 (Tex. Crim. App. 1995); *S.D.G. v. State*, 936 S.W.2d 371, 380 (Tex. App.—Houston [14th Dist.] 1996, writ denied); *see also Godine v. State*, 874 S.W.2d 197, 201 (Tex. App.—Houston [14th Dist.] 1994, no pet.) ("To preserve error, it behooved [appellant] to (1) present to the trial court specific questions formulated in the manner they were to be asked, and (2) obtain an adverse ruling."). Informing the trial court of the general subject on which the appellant wants to question a venireperson does not preserve error; the trial court must be presented with a specific question and an adverse ruling to that question must be obtained. *See Caldwell*, 818 S.W.2d at 794.

In the present case, Cuellar failed to advise the trial court of the specific questions he wished to ask. Although he advised the trial court that he wished to bring back specific jurors to

question them regarding whether he must prove his innocence or whether the prospective jurors considered him "a little bit guilty" due to his indictment, a wide range of specific questions—both proper and improper—could have been asked within these general subject areas. *See id.* (impossible for court to determine whether appellant's inquiry would have been proper because appellant failed to narrow the scope of his proposed inquiry; both proper and improper questions could be asked). We conclude Cuellar has failed to preserve error on these issues, and we resolve his issues seven through twelve and eighteen through twenty-two against him.

### Issue 23: Sufficiency of the Evidence

In issue twenty-three, Cuellar argues the evidence was insufficient to establish he committed a prior offense alleged as an element of felony assault. To obtain a conviction for felony assault, the State must prove both the assault and that the defendant was previously convicted of one of a number of listed offenses, including a prior family violence assault. *See* TEX. PENAL CODE ANN. § 22.01(b)(2), (b-1). As evidence of a prior conviction of Cuellar for the offense of family violence assault, the State introduced two exhibits: a June 25, 2007 judgment of a Hidalgo County court against Ricardo Antonio Cuellar for "assault caus[ing] bodily injury family violence" and Cuellar's booking sheets from a Hidalgo County jail. The booking sheets contained identifying information for Cuellar, including his name, date of birth, fingerprints, photograph, physical description, phone number, address, and social security number. A fingerprint expert testified the fingerprints on the booking sheets matched a known set of Cuellar's fingerprints. Cuellar does not dispute the booking sheets show he was in the Hidalgo County jail; he argues instead that while the State connected him to the booking sheets from the Hidalgo County jail, it did not connect the booking sheets to the prior conviction. Specifically, Cuellar argues the Hidalgo County court judgment contains only his name and no other identifying information or cause number that would link the jail booking sheets to the court

judgment. *See Sebren v. State*, 633 S.W.2d 328, 329 (Tex. App.—Houston [14th Dist.] 1982, no pet.) (concluding State failed to establish identity of defendant for enhancement purposes because the arrest record provided by State did not contain sufficient information to link it with the judgment of the prior conviction). Thus, according to Cuellar, there was insufficient evidence to show he had been previously convicted.

In a challenge to the sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Brooks v. State*, 323 S.W.3d 893, 894–95 (Tex. Crim. App. 2010) (plurality op.). We are required to defer to the jury's credibility and weight determinations, because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony. *See Jackson*, 443 U.S. at 326.

Texas law does not require that the existence of a prior conviction or linking of the defendant to the prior conviction be proven in any specific manner. *Flowers v. State*, 220 S.W.3d 919, 921–22 (Tex. Crim. App. 2007). In making its proof, the State may use "[a]ny type of evidence, documentary or testimonial." *Id.* The existence of a prior conviction and linking of the defendant to the prior conviction may be established by certified copies of the prior judgment and sentence and records of the State containing fingerprints of the individual previously convicted, supported by expert testimony identifying those fingerprints as identical to known fingerprints of the defendant. *See Vessels v. State*, 432 S.W.2d 108, 117 (Tex. Crim. App. 1968) (op. on reh'g); *see also Griffin v. State*, 181 S.W.3d 818, 820 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) ("Typically, the State will present fingerprints included in the pen packet, have a fingerprinting expert take fresh fingerprints from the defendant, and then conclude from comparison that the defendant on trial is the same person convicted of the previous offense.").

Other methods of proving prior convictions include the testimony of a witness who personally knows the defendant and the facts of his prior conviction and identifies him, or a stipulation or judicial admission of the defendant.  *See Beck v. State*, 719 S.W.2d 205, 209 (Tex. Crim. App. 1986).  The evidence offered could also include photographs of the convicted individual for comparison with the defendant by the fact finder, or identification information such as name, gender, height, eye color, hair color, and date of birth.  *See Williams v. State*, 946 S.W.2d 886, 895 (Tex. App.—Waco 1997, no pet.).  The approved methods for proof of identity set forth in various Texas appellate court opinions are not exclusive and may often include the use of a combination of methods.  *Beck*, 719 S.W.2d at 210.  The State may use circumstantial evidence to prove the defendant is the same person named in the prior conviction.  *Human v. State*, 749 S.W.2d 832, 836 (Tex. Crim. App. 1988) (op. on reh'g).  The fact finder looks at the totality of the admitted evidence to determine whether there was a previous conviction and whether the defendant was the person convicted.  *Flowers*, 220 S.W.3d at 923. As the court of criminal appeals stated in *Human*:

> [O]rdinarily the proof that is adduced to establish that the defendant on trial is one and the same person that is named in an alleged prior criminal conviction or convictions closely resembles pieces of a jigsaw puzzle. The pieces standing alone usually have little meaning. However, when the pieces are fitted together, they usually form the picture of the person who committed the alleged prior conviction or convictions.

*Human*, 749 S.W.2d at 835–36.

Our record contains a one-page attachment to the June 25, 2007 judgment of the Hidalgo County court; the attachment, filed with the Hidalgo County Clerk on June 18, 2007, is both an affidavit in support of an Information, and an Information, signed by an Assistant Criminal District Attorney of Hidalgo County, Texas, charging an individual by the name of Ricardo Antonio Cuellar as follows:

IN THE NAME AND BY AUTHORITY OF THE STATE OF TEXAS:

COMES NOW the undersigned Assistant Criminal District Attorney of Hidalgo County, Texas, in behalf of the State of Texas, and presents in and to the County Court at Law No. 1 of Hidalgo County, Texas, that heretofore and before the presentment of this information,

In Hidalgo County, Texas, RICARDO ANTONIO CUELLAR, heretofore on or about the 11th day of May, 2007, did then and there intentionally and knowingly cause bodily injury to CELINA CUELLAR, the victim, by striking the victim with his hand and kicking the victim with his foot;

AND

In Hidalgo County, Texas, RICARDO ANTONIO CUELLAR, heretofore on or about the 11th day of May, 2007, did then and there recklessly cause bodily injury to CELINA CUELLAR, the victim, by striking the victim with his hand and kicking the victim with his foot;

AGAINST THE PEACE AND DIGNITY OF THE STATE.

The cause number shown on the June 25, 2007 judgment is hand-written on the June 18, 2007 charging instrument. At the bottom of the charging instrument, identifying information for Cuellar is provided, including his gender, driver's license number, date of birth, physical address, and social security number. All the information on the charging instrument matches Cuellar's identifying information on the booking sheets from the Hidalgo County jail. We conclude this identifying information is alone sufficient to support the conclusion the Hidalgo County court judgment was against Cuellar and he committed the prior offense of "assault caus[ing] bodily injury family violence."

In addition to the identifying information on the bottom of the June 18, 2007 charging instrument, Cuellar's trial attorney admitted Cuellar had been convicted previously. Cuellar's trial attorney stated the following during closing argument:

It says in the indictment one of the things they have to prove right here: and further, prior to the commission of the aforesaid offense alleged in the first paragraph above . . . defendant . . . had been previously, duly and legally convicted of the following assaultive offense or assaultive offenses against a person who -- here we go -- a person who was a member of the said defendant's family and household and with whom the said defendant had a dating relationship. Okay? It's his sister. There's no proof that he had a dating relationship with his sister. And this indictment is technically not correct.

–10–

Later in his closing argument, Cuellar's trial attorney again referred to the previous conviction:

[Cuellar] had a problem with his sister in Hidalgo County that he got put on probation for. But you're not supposed to take that and jump to the conclusion that because he had a problem with his sister in Hidalgo County and he got probation for that – that's not in and of itself proof that he is the person who struck [Andrade].

A party may use a formal judicial admission made by a party opponent as a substitute for evidence if the statement is clear, definite, and unambiguous. *Davidson v. State*, 737 S.W.2d 942, 948 (Tex. App.—Amarillo 1987, pet. ref'd).[2] Counsel's admissions during closing argument constitute sufficient evidence of Cuellar's prior conviction. *See Miller v. State*, 33 S.W.3d 257, 262 (Tex. Crim. App. 2000) (admission by defendant's attorney that defendant was serving thirty years constituted sufficient evidence linking defendant to prior convictions); *Resanovich v. State*, 906 S.W.2d 40, 43 (Tex. Crim. App. 1995) (appellant's attorney's admission of the murder sentence is sufficient to identify appellant as the person previously convicted). We resolve Cuellar's twenty-third issue against him.

*Issue 24: Trial Court Comment on the Evidence*

In his twenty-fourth issue, Cuellar argues the trial court made an impermissible comment on the weight of the evidence by including a statement in the jury charge indicating that a jurisdictional element of the current offense, consisting of a prior assault, was proven.

Cuellar first points to multiple instances during jury selection in which either the trial court or the State advised the prospective jurors that Cuellar had been previously convicted of assault against a member of his family. For example, Cuellar argues the trial court informed the prospective jurors that, for his case to be in felony court, "there has to be a prior conviction for family violence." Although Cuellar notes these comments in his briefing, he does not argue

---

[2] *See also Hitchery v. State*, No. 05-04-00032-CR, 2005 WL 237230, at *5 (Tex. App.—Dallas Feb. 2, 2005, no pet.) (not designated for publication) ("A defense counsel's concession at trial can be a binding judicial admission of an appellant's guilt.").

comments made by the trial court during jury selection are themselves a ground for reversal of his conviction. He instead argues the trial court commented on the weight of the evidence by instructing the jury in the jury charge that he was previously convicted of family violence assault in Hidalgo County. He claims this error in instructing the jury caused egregious harm because the State's case for guilt was made more persuasive by the error, and the written instruction would have made sense to the jury given that they had already been informed verbally of the previous conviction. *See Saunders v. State*, 817 S.W.2d 688, 692 (Tex. Crim. App. 1991); *see also Ngo v. State*, 175 S.W.3d 738, 743–44 (Tex. Crim. App. 2005).

Cuellar complains about the following language in the jury charge:

> Now, bearing in mind the foregoing instructions, if you find from the evidence beyond a reasonable doubt that on or about April 18, 2011, in Dallas County, Texas, the defendant, [caused bodily injury to Andrade] . . . .

> and further, prior to the commission of the aforesaid offense alleged in the first paragraph above, said defendant had been previously duly and legally convicted of the following assaultive offense or assaultive offenses against a person who was a member of the said defendant's family or household or with whom the said defendant had a dating relationship:

> In Cause Number CR075704A in the County Court At Law No. 1 of Hidalgo County, Texas, the said defendant was convicted of assault on or about the 25th day of June 2007, then you will find the defendant guilty of assault as charged in the indictment.

> If you do not so find, or if you have a reasonable doubt thereof, you shall find the defendant not guilty.

Cuellar argues the "instructions told the jury [Cuellar] was the 'said defendant' in the instant case and that 'the said defendant was convicted' in the prior offense alleged for the jurisdictional element."

We cannot agree with Cuellar that the trial court's instruction told the jury that he had been previously convicted of family violence assault. The instructions to the jury are clear: if the jury finds beyond a reasonable doubt that (1) Cuellar caused bodily injury to Andrade and (2) previously had been convicted of assault, then the jury was to find him guilty of the charged

–12–

offense. The language of the charge quoted above is not a declaration informing the jury that Cuellar committed the prior offense; it is an instruction that if the jury finds he committed the charged offense beyond a reasonable doubt—including a finding he was convicted of a prior assault—the jury should find him guilty. We conclude there was no error in the jury charge, and we resolve Cuellar's twenty-fourth issue against him.

We affirm the trial court's judgment.

/Robert M. Fillmore/
ROBERT M. FILLMORE
JUSTICE

Do Not Publish
TEX. R. APP. P. 47

111700F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RICARDO CUELLAR, Appellant

No. 05-11-01700-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 2, Dallas County, Texas
Trial Court Cause No. F11-31118-I.
Opinion delivered by Justice Fillmore.
Justice Lang-Miers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 1st day of August, 2013.

/Robert M. Fillmore/

ROBERT M. FILLMORE
JUSTICE