**Opinion issued October 30, 2018**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-18-00277-CR

————————————

**JEREMY LYNN STURCH, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the Criminal District Court No. 2**
**Tarrant County, Texas**
**Trial Court Cause No. 1272585D**

---

## MEMORANDUM OPINION

A jury convicted Jeremy Lynn Sturch of intoxication manslaughter, and based on the jury's recommendation, the trial court sentenced Sturch to 10 years' confinement, suspended imposition of the sentence, and placed him on 10 years'

community supervision.[1] *See* TEX. PENAL CODE § 49.08. Four and a half years later, the State moved to revoke the community supervision. After a hearing, the trial court found that Sturch violated the conditions of his community supervision, revoked the community supervision, and sentenced Sturch to 10 years' confinement.

Sturch appeals, contending that the trial court abused its discretion by revoking his community supervision because insufficient evidence supports the determination that he violated a condition of his community supervision. He further contends that 10 years' confinement is grossly disproportionate to the violations found, and thus violates his Eighth Amendment right against the imposition of cruel and unusual punishment. Finding no error, we affirm.

## BACKGROUND

In February 2012, Sturch killed a passenger in his vehicle when he drove into a building while intoxicated. After the jury convicted Sturch of intoxication manslaughter, and at the jury's recommendation, the trial court suspended his sentence and placed him on community supervision for 10 years. The trial court

---

[1] Pursuant to the Texas Supreme Court's docket-equalization powers, this appeal was transferred from the Second Court of Appeals to this court on April 11, 2018. *See* TEX. GOV'T CODE §§ 73.001, 73.002; Order Regarding Transfer of Cases from Courts of Appeals, Misc. Docket No. 18-9049 (Tex. Mar. 27, 2018). We are unaware of any conflict between precedent of the Second Court of Appeals and that of this court on any relevant issue. *See* TEX. R. APP. P. 41.3.

ordered the initial conditions of community supervision in March 2013. The conditions of his supervision required Sturch to report to Tarrant County's community-supervision department "no less than monthly," or "as scheduled by the court or supervision officer." He was also required to obtain and use an in-home breath-analysis device each day, to monitor whether he continued to consume alcohol.

In June 2013, Sturch's probation was transferred to Wise County. After the transfer, Sturch was required to report in person to Wise County Community Supervision and by mail, monthly, to Tarrant County Community Supervision. The community-supervision order required Sturch "to continue to report to Tarrant County in the manner prescribed by the supervision officer," if his supervision was transferred elsewhere.

In November 2017, the State petitioned to revoked Sturch's community supervision, alleging that Sturch had failed to (1) report to the Tarrant County community-supervision department by mail; (2) use the breath analyzer daily; and (3) pay court-ordered restitution. The trial court conducted an evidentiary hearing on the State's petition.

The State first called M. Gutierrez to testify. She was employed by Tarrant County's community-supervision department and oversaw Sturch's case. She testified that she transferred Sturch's supervision to Wise County. She explained

3

the requirement that, once transferred, Sturch continue to report to Tarrant County by mail every month. She explained that the requirement exists to give her department information it needs on individuals under community supervision, like their current address and employment, whether they have been arrested, and whether they have made payments toward restitution or fines. Gutierrez recounted that she had met with Sturch and had gone "over all the documentation with him that he needed to send in every month and made sure he understood it." She testified that Sturch failed to report by mail from January through September 2017.

The State also called M. Morgan, an employee of Smart Start, which makes and monitors the in-home breath analyzer. Smart Start installed the device in Sturch's home in December 2016 and gave him a video instructing him how to use it. As a condition of community supervision, Sturch was required to blow into the device during three defined time windows every day. Part of Sturch's agreement with Smart Start, as with others on community supervision, is that Sturch would pay a monthly service fee. If Sturch did not pay the fee, then the device would give a "lockout" warning that he had a certain number of "hours before [he has] to get it in before it's going to be totally locked out . . . ." Sturch failed to pay the fees required to keep the device operational. Morgan testified that Smart Start's records showed that Sturch failed to use the device at any time after June 30, 2017.

Sturch testified on his own behalf. He explained that he had undergone employment and financial difficulties during his community supervision. He obtained several different jobs, but each one ended under circumstances that were not his fault. He actively searched for a new job but had difficulty finding one. His inability to find a new job led to his eviction from his apartment in December 2017, at which point he moved in with his mother. He put some of his belongings in a storage unit that he paid for, and he gave his mother money from time to time to help defray some of her expenses and the financial impact of his living with her.

Sturch acknowledged the requirement of his community supervision that he report by mail to Tarrant County. He admitted that he failed to comply with that requirement. He also admitted that he had not informed the Tarrant County community-supervision department or Smart Start about his employment and financial difficulties.

After both sides rested and closed, the trial court found that Sturch violated the terms of his community supervision by failing to (1) report by mail to Tarrant County; (2) use the breath analyzer device daily; and (3) pay restitution. Based on these findings, the trial court revoked Sturch's community supervision and reinstated the 10-year sentence of confinement for the underlying offense.

## DISCUSSION

Sturch challenges the trial court's revocation order, contending that (1) insufficient evidence supports the trial court's determination that he violated the terms of his community supervision, and (2) his sentence of 10 years' confinement is grossly disproportionate.

## I.    Revocation of community supervision

### A.    Standard of review

To prevail on a motion to revoke community supervision, the State must prove by a preponderance of the evidence that the person on community supervision violated a term of the supervision. *Hacker v. State*, 389 S.W.3d 860, 864–65 (Tex. Crim. App. 2013); *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006). The State meets this standard when the "greater weight of the credible evidence [creates] a reasonable belief that the defendant has violated a condition" of his community supervision. *Rickels*, 202 S.W.3d at 763–64 (quoting *Scamardo v. State*, 517 S.W.2d 293, 298 (Tex. Crim. App. 1974)).

Our review of a revocation order is limited to determining whether the trial court abused its discretion in determining that the defendant violated the terms of his community supervision. *See Rickels*, 202 S.W.3d at 763; *Duncan v. State*, 321 S.W.3d 53, 56–57 (Tex. App.—Houston [1st Dist.] 2010, pet. ref'd). We view the evidence in the light most favorable to the trial court's order. *See Garrett v. State*,

6

619 S.W.2d 172, 174 (Tex. Crim. App. [Panel Op.] 1981); *Bell v. State*, No. 01-17-00561-CR, 2018 WL 3233239, at \*3 (Tex. App.—Houston [1st Dist.] July 3, 2018, no pet.) (op., designated for publication). As factfinder in a revocation proceeding, the trial court determines the credibility of the witnesses and the weight to be given to their testimony. *Garrett*, 619 S.W.2d at 174; *Bell*, 2018 WL 3233239, at \*3.

When the trial court finds several violations, we affirm the order revoking community supervision if the State proved any single violation by a preponderance of the evidence. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012); *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009).

### B.    Sufficiency of the evidence to support the State's allegations

Sturch claims that the State failed to prove that his failures to report by mail were intentional or willful, that he was financially able to pay restitution, and that it was possible for him to afford the fees for using the Smart Start device. Because we conclude that sufficient evidence supports the trial court's determination that Sturch failed to comply with the requirement that he report by mail to the probation office, we do not address his challenges to the trial court's other findings. *See Garcia*, 387 S.W.3d at 26; *Smith*, 286 S.W.3d at 342.

When Sturch's community supervision was transferred from Tarrant County to Wise County, he was required to "continue to report to Tarrant County in the

7

manner prescribed by the supervision officer," which was monthly reporting-by-mail. Sturch admitted that he had failed to fulfill this requirement:

Q. And it's true that you did not mail in to Tarrant County as required.

A. Yes.

Gutierrez confirmed that Sturch had failed to mail reports from January through September 2017. She had gone "over all the documentation with [Sturch] that he needed to send in every month and made sure he understood it."

On appeal, Sturch recognizes his failure to report by mail but contends that the State failed to prove that his failure to comply was intentional or willful. However, he cites no authority that the State must prove an intentional or willful failure to comply with a condition of supervision, and none appears in the reporting-by-mail section of the trial court's community-supervision order. Courts have upheld revocations based on failure to comply with similar conditions of supervision based on evidence of non-compliance. *See, e.g.*, *Lopez v. State*, 46 S.W.3d 476, 482 (Tex. App.—Fort Worth 2001, pet. ref'd) (affirming revocation of community supervision for failure to report to community-supervision office without finding that appellant had any certain mental state in failing to report); *Marcum v. State*, 983 S.W.2d 762, 766–67 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd) (same). We hold that sufficient evidence supports the trial court's determination that Sturch failed to comply with the provision requiring that he mail

monthly reports to the Tarrant County community-supervision department; accordingly, the trial court did not abuse its discretion in revoking Sturch's community supervision on this ground. *See Rickels*, 202 S.W.3d at 763–64 (stating that State carries its revocation burden when "greater weight of the credible evidence [creates] a reasonable belief that the defendant has violated a condition of his" community supervision).

## II. Eighth Amendment challenge

Sturch contends that his 10-year sentence is unconstitutionally disproportionate to his crime, because his violations of the terms of his community supervision were "technical," "minor," and "clerical," and because he made a good-faith effort to comply.

In making this challenge, Sturch relies on authorities that are grounded in Eighth Amendment principles, as applied to the States through the Fourteenth Amendment. *See Solem v. Helm*, 463 U.S. 277, 290–303 (1983); *McGruder v. Puckett*, 954 F.2d 313, 316–17 (5th Cir. 1992); *Winchester v. State*, 246 S.W.3d 386, 388–91 (Tex. App.—Amarillo 2008, pet. ref'd). The Eighth Amendment of the United States Constitution requires that a criminal sentence be proportionate to the crime for which a defendant has been convicted. *Solem*, 463 U.S. at 290. We note that Sturch contends that the sentence is grossly disproportionate to his community-supervision violations, but these authorities examine whether a

sentence is grossly disproportionate to the underlying criminal offense, in this case intoxication manslaughter, and not a later violation of community supervision.

Regardless, the State responds that Sturch failed to preserve this challenge for our review. We agree. To preserve error for appellate review, the record must show that the defendant raised his complaint by a timely and specific objection. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Steadman v. State*, 31 S.W.3d 738, 741 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd). This requirement serves two purposes: (1) to inform the trial court of the objection and give the opportunity to rule on it, and (2) to give opposing counsel the opportunity to take appropriate action in response. *See Wright v. State*, 178 S.W.3d 905, 931–32 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd) (holding that appellant failed to preserve error when appellant's counsel quoted objectionable phrase but did not state basis for objection).

Thus, to preserve for appellate review a complaint that a sentence amounts to cruel and unusual punishment in violation of this constitutional requirement, a defendant must present to the trial court a timely request, objection, or motion stating that the sentence violates the Eighth Amendment or is disproportionate to the crime. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (concluding that defendant waived error because he presented argument for first time on appeal); *Wynn v. State*, 219 S.W.3d 54, 61

10

(Tex. App.—Houston [1st Dist.] 2006, pet. ref'd) (holding that defendant's failure to object to life sentence as cruel and unusual punishment waived error); *Solis v. State*, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref'd) (holding that defendant could not assert cruel and unusual punishment for first time on appeal).

After the trial court announced the sentence, Sturch did not object to it either orally or in a motion for new trial. Accordingly, we hold that Sturch failed to preserve error on this issue. *See Solis*, 945 S.W.2d at 301–02.

## Conclusion

We affirm the judgment of the trial court.

Jane Bland
Justice

Panel consists of Justices Keyes, Bland, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).